UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DONALD WILLIAMS, JR.                                                    PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 5:24-cv-66-DCB-ASH

MISSISSIPPI DEPARTMENT OF CORRECTIONS, et al.                          DEFENDANTS

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This cause is before the Court sua sponte.   Pro se Plaintiff Donald Williams, Jr., an inmate at the Central Mississippi Correctional Facility in Pearl, Mississippi, filed the instant Complaint under 42 U.S.C. § 1983 on July 12, 2024.   Having reviewed the record, the Court finds that because Plaintiff has failed to comply with the Orders of this Court this civil action should be dismissed.

On April 23, 2025, the Court entered an Order [18] directing the Clerk to add Warden Vannoy as a defendant and directing Plaintiff to file a written response providing additional information about his claims.   Plaintiff was directed to comply by May 7, 2025, and he was warned Plaintiff that failure to comply or failure to notify the Court of a change of address could result in the dismissal of this civil action.   Order [18] at 3.   Plaintiff failed to comply.

When Plaintiff failed to comply with the Order [18], an Order to Show Cause [19] was entered on May 23, 2025.   Plaintiff was directed to respond and comply with the Order [18] by June 6, 2025.   Order [19] at 1.   Plaintiff was once again warned that failure to comply could result in the dismissal of the instant civil action.   *Id*. at 2.   Plaintiff did not comply with the Order to Show Cause [19] or otherwise communicate with the Court concerning this civil action.

Plaintiff was given one final opportunity to comply with the Court's orders before the dismissal of this case.   On June 25, 2025, the Court entered a Second and Final Order to Show

Cause, directing Plaintiff to show cause by July 9, 2025, why this case should not be dismissed for failure to obey the Court's prior orders.    Second and Final Order to Show Cause [20] at 2. The Second and Final Order to Show Cause specifically warned Plaintiff that his "failure to advise the Court of a change of address or failure to timely comply with any Order of the Court . . . will result in this cause being dismissed without prejudice and without further notice to the Plaintiff."    *Id*. at 3.    (emphasis in the original).    That Second and Final Order to Show Cause also warned Plaintiff that this was his "final opportunity to comply with the Orders [8] [19]." *Id*. (emphasis in the original).    Again, Plaintiff did not comply.

Plaintiff has not contacted this Court since he filed his Motion for Evidentiary Hearing [15] on September 16, 2024.    Petitioner has failed to comply with three Court Orders [18] [19] [20].[1]    The Court warned Plaintiff on previous occasions that failure to advise of his change of address or failure to comply with the Court's orders would lead to the dismissal of this case. *See* Second and Final Order to Show Cause [20] at 3; Order to Show Cause [19] at 2; Order [18] at 3; Order [7] at 2; Order [4] at 2; Order [3] at 2; Notice of Assignment [1-2] at 1.    It is apparent from Plaintiff's failure to comply with the Court's Orders that he lacks interest in pursuing this case.

The Court has the authority to dismiss an action for a Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte.    *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *McCullough v.*

---

[1] The envelopes containing the Orders [18] [19] [20] addressed to Plaintiff at his last known address have not been returned by the postal service as undeliverable.

*Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).   The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases."   *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."   *Id.* at 629-30.

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but such efforts have proven futile.   *Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (citation omitted).   Dismissal without prejudice is warranted.    Accordingly, it is

ORDERED AND ADJUDGED that, this civil action is dismissed without prejudice for failure to obey the Court's orders and to prosecute.   A separate judgment will be entered under Federal Rule of Civil Procedure 58.

SO ORDERED AND ADJUDGED, this the  1st   day of August, 2025.


s/David Bramlette
UNITED STATES DISTRICT JUDGE